in liber 3292 of Deeds at page 538, and made a part of the record of this court by an order hereof, entered the 8th day of November, 1929. Under the circumstances, defendant may not retain the money paid on account of the purchase. If this conveyance had been made prior to the trial, judgment would have been granted the plaintiff upon its complaint, upon proof of that fact. (*Cohen* v. *A. F. A. Realty Corp.*, 250 N. Y. 262.) New findings and conclusions in support of this decision will be made. Young, Rich, Kapper, Hagarty and Carswell, JJ., concur. Settle order on notice.

JOSEPH CHIRCO, Respondent, v. STAR THEATRE AMUSEMENT COMPANY, Defendant, and SAM RAYMOND'S THEATRE CORPORATION, Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event. The court erred in excluding testimony at folio 134. (*Hubbell* v. *City of Yonkers*, 104 N. Y. 434, 439; *Boutet* v. *City of New York*, 199 App. Div. 835, 842; 1 Wigm. Ev. [2d ed.] §§ 448, 449.) Young and Carswell, JJ., concur; Lazansky, P. J., concurs in result and votes for reversal and a new trial upon the ground that the verdict of the jury is against the weight of the evidence; Kapper and Hagarty, JJ., dissent and vote to affirm.

ARTHUR GUNNING, Respondent, v. GEORGE KEAN & Co., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty, and Carswell, JJ.

ICE SERVICE COMPANY, INC., and Others, Respondents, v. CITY OF NEW YORK, and RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

EUGENE KADE, Respondent, v. SANITARY FIREPROOFING AND CONTRACTING COMPANY, Appellant.— Upon reargument, we adhere to our original decision,* but leave to the determination of the trial court the question of the competency of the testimony of the plaintiff as against the defendant and the deceased alleged copartner. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

ANNA LEVY and MILDRED FESSLER, Plaintiffs, v. CHARLES RAGUE, Defendant.— Upon agreed statement of facts, judgment unanimously directed for defendant, without costs. The Surrogate's Court of the county of Richmond failed to acquire jurisdiction of all parties interested in the estate of Carrie Melville, deceased, and, therefore, the decree of the court declaring the 13th paragraph of the will invalid, illegal and void, and directing its elimination from the will, does not affect the rights of the contingent remaindermen, who, concededly, were not parties to the proceeding brought for the construction of the will of Carrie Melville pursuant to the provisions of section 145 of the Surrogate's Court Act. The plaintiffs, therefore, cannot convey a good and marketable title. In this decision we do not review the decree of the learned surrogate of Richmond county, under which the 13th paragraph of the will was excised, as it is not before us and, therefore, do not pass upon the validity or invalidity of that clause. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

LYDIA A. McCANN, Respondent, v. PAUL C. SCHNITZLER and JOSEPH WALTER LEOPOLD, as Administrators, etc., of EMMA CARUS LEOPOLD, Otherwise Known as EMMA CARUS, Deceased, Appellants.† (Appeal No. 1.) — Order reversed upon

---

* See 227 App. Div. 622.— [REP.        † Revd., 254 N. Y. 107.

the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. This court, by order dated April 2, 1929, directed the plaintiff to furnish additional security within ten days. The Special Term was without power to relieve the plaintiff of this obligation, either directly or indirectly. Kapper, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Seeger, J., dissent with the following memorandum: Plaintiff was unable to comply with the order of this court. The Special Term had the power, under the circumstances, to vacate the attachment. There is no proof of bad faith in procuring the attachment or inducing an appearance on the part of defendants. Of course, the order to vacate must be without prejudice to defendants' rights on original undertaking.

LYDIA A. McCANN, Respondent, v. PAUL C. SCHNITZLER and JOSEPH WALTER LEOPOLD, as Administrators of the Goods, Chattels and Credits Which Were of EMMA CARUS LEOPOLD, Otherwise Known as EMMA CARUS, Deceased, Appellants.* (Appeal No. 2.) — Order denying motion to dismiss complaint for plaintiff's failure to furnish additional corporate security in the sum of $3,750 reversed upon the law and the facts, with $10 costs and disbursements, and motion granted, without costs, to the extent of enjoining plaintiff from prosecuting the action unless plaintiff, within five days from service of a copy of the order herein, comply with the order of this court, dated April 2, 1929, directing the plaintiff to furnish additional security. In the event of compliance therewith, the order denying motion to dismiss the complaint is affirmed, without costs. Kapper, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Seeger, J., dissent, being of opinion that under the circumstances the court has no power to enjoin the prosecution of the action until the undertaking on attachment has been given, as directed by this court. We know of no authority which warrants the visitation of such an extreme penalty in such a case. If there were proof of bad faith in obtaining the attachment or in procuring the appearance of defendants, a different situation might be presented.

MARGUERITE A. McLAUGHLIN, Respondent, v. GEORGE GUSHUE, INC., Appellant. CHRISTIAN MYDLAND and REGINA SABELLA, Defendants.— Order affirmed, with ten dollars costs and disbursements. While plaintiff was not entitled to summary judgment under rule 113, ▮ the action not being one to recover liquidated damages, it clearly appears that she was entitled to relief under rules 109 and 112,* since the defense was insufficient in law, and in light thereof the denial was sham. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

MAX C. MEYER, Respondent, v. KESSAN REALTY COMPANY and 25 EASTERN PARKWAY CORPORATION, Appellants.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

JESSE C. MILLARD, Respondent, v. COLUMBIA SALVAGE CORPORATION, Appellant.— Order, in so far as appealed from, modified by striking out the specifications marked " (B) " and " (C)," and as so modified affirmed, without costs; examination to proceed at same place and hour upon five days' notice. The plaintiff sues for the " reasonable value " of the work. No " agreed price " is alleged. The " reasonable value " of the work may not be proved as the order directs. The

* Revd., 254 N. Y. 107.